IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

APRIL SANDOVAL,
EVANJELINA VIGAL,
and YVONNE ARCHULETA,

      Plaintiffs,

   v.                                     09cv1028 WJ/ACT

JOSEPH ROMERO, VICTOR BACA,
JOHNNY LUJAN, PATRICK SNEDEKER,
in their individual capacities, and BOARD
OF COUNTY COMMISSIONERS OF
SAN MIGUEL COUNTY, NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ROMERO'S MOTION FOR SUMMARY JUDGMENT AGAINST CLAIMS ASSERTED BY PLAINTIFFS SANDOVAL AND ARCHULETA

THIS MATTER comes before the Court upon Defendant Romero's Motion for Summary Judgment Regarding Claims of Plaintiffs April Sandoval and Yvonne Archuleta, filed January 10, 2011 **(Doc. 69)**. Having considered the parties' briefs and the applicable law, I find that Defendant's motion is not well-taken with regard to Plaintiff Sandoval's federal claims, and will be denied on that basis; and that the motion is well-taken with regard to Plaintiff Sandoval's state law claims, and will be granted on that basis. The motion is denied as moot with regard to Plaintiff Archuleta's claims against Defendant Romero, on the ground that Plaintiff Archuleta does not oppose the dismissal of her claims asserted against Defendant Romero.

### Background

April Sandoval and Yvonne Archuleta ("Plaintiffs" for purposes of this motion) were female inmates at San Miguel County Detention Center ("SMCDC") in San Miguel County,

New Mexico. They allege that they were sexual harassed and sexually assaulted by male detention officers while they were incarcerated at SMCDC. The complaint alleges violations of Plaintiffs' civil rights under the Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§ 1983, 1985 and 1986, and state law violations under the New Mexico Tort Claims Act. In this motion, Plaintiffs move for summary judgment against Defendant Romero ("Defendant"). Defendant Romero was hired as a detention center officer by SMCDC in April 2007, and at some point during his employment, he became a sergeant or shift supervisor for the night shift of 10:00 p.m. to 6:00 a.m.

The motion seeks summary judgment against both Plaintiffs, but Plaintiff Archuleta states in the reply that she does not oppose the dismissal of her claims which she asserts against Romero. Thus, what remains is a question of whether the Court finds, as a matter of law, that the federal and state law claims asserted by Plaintiff Sandoval ("Plaintiff" hereinafter) asserted against Defendant should be dismissed. The Court's findings herein do not have any effect on Plaintiff Vigal's claims against Defendant Romero.

**Legal Standard**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. PRO. 56(c); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; he may not rest on mere allegations or denials in his own pleadings. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57

2

(1986). In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. *Id.* at 249. A mere scintilla of evidence in the nonmovant's favor is not sufficient. *Id.* at 252.

## Discussion[1]

Plaintiff asserts the following claims against Defendant: Cruel and Unusual Punishment in Violation of Eighth and Fourteenth Amendments (Count I); Imposition of Condition of Slavery or Involuntary Servitude in Violation of Thirteenth Amendment (Count III); Violation of the Equal Protection Clause of the Fourteenth Amendment (Count V); Conspiracy to Deny Plaintiffs Equal Rights and Subject Plaintiffs to Involuntary Servitude in Violation of 42 U.S.C. § 1985(3) (Count VII); and Intentional Tort Claims under State Law (Count IX). Defendant seeks dismissal on summary judgment on Plaintiff's federal claims as well as state law claims.

Defendant offers generic arguments for dismissal of all of these claims. First, Defendant argues that the federal claims should be dismissed because there is no evidence that he personally participated. Second, he argues that Plaintiff has made no allegations against him for committing any intentionally tortious conduct, and thus the state law claims should be dismissed as well.

**I.      Plaintiff's Federal Claims**

Plaintiff's claims against Defendant Romero are related to incidents involving both Plaintiff and Victor Baca, who was also employed as a detention officer at SMCDC at the time of the underlying incidents. Plaintiff Sandoval claims that on November 7 or 8, 2007, Romero

---

[1] More detailed findings on the background of the case, including the alleged incidents involving Plaintiff Sandoval and Defendant Romero, can be found in the Court's Memorandum Opinion and Order ruling on Plaintiff's Motion for Partial Summary Judgment. *See* Doc. 97.

instructed Baca to remove Sandoval from her cell while the cells were being mopped, and to take her to the prison laundry to get a clean orange uniform for Plaintiff for her trip to court the following day.  Plaintiff alleges that Baca removed her from her cell, escorted her to the laundry facility and then raped her. Sandoval also alleges that during the sexual assault, she heard what she believed was Defendant Romero's voice was heard over the intercom telling Defendant Baca to "take his time" because he already "got his money." Defendant Baca contends that Plaintiff Sandoval initiated and consented to having sexual intercourse with him.[2]  Defendant Romero has taken the position in this motion that he had no personal involvement in any alleged constitutional violations.

Defendant is correct that individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.  *Foote v. Spiegel et al*., 118 F.3d 1416, 1423 (10th Cir. 1997).  He is also correct that claims asserted under a respondeat superior theory are not permissible in claims brought under 42 U.S.C. § 1983.  *Monell v. Department of Social Serv*., 436 U.S. 658, 691-94 (1978) (principles of respondeat superior have no application to § 1983 actions).   However, as Plaintiff points out in her response to this motion and in her motion for partial summary judgment, Defendant Romero may be liable under § 1983 if he "causes" a violation of a person's constitutional rights, even if he was not participating in the alleged sexual

---

[2] In December, 2008, Defendant Baca entered a guilty plea to the felony crime of Criminal Sexual Penetration, contrary to NMSA 1978, § 30-9-11(E)(2), based on the events involving Plaintiff Sandoval.  Section 30-9-11(E)(2) criminalizes sexual penetration by a perpetrator "in a position of authority over the inmate. . . ." Defendant Baca received a probated sentence and was placed on supervised probation for a period of five years.  The Court concluded that Baca's plea of guilty to this crime did not estop him from defending against Plaintiff's Eighth Amendment claim in Count I of the Complaint.  Doc. 97  at 10-11.

assault.[3]

Plaintiff contends that facts exist which show that Romero caused her to be exposed to the danger of sexual assault by Defendant Baca.  For support, Plaintiff adopts the facts and applicable law presented in her Motion for Partial Summary Judgment (Doc. 72).  The arguments presented by Plaintiff in her briefs for that motion are applicable here.  The Court denied Plaintiff summary judgment on her Eighth Amendment claims, but the facts presented here (which are the same as those offered in Plaintiff's motion for partial summary judgment), are sufficient to withstand Defendant's instant summary judgment. Plaintiff offers evidence suggesting that Romero had knowledge of the alleged conduct involving Baca, and that his actions may have caused the alleged sexual assault to occur.

Defendant Romero was Defendant Baca's supervisor on the evening of the alleged incidents involving Plaintiff Sandoval.  Romero claims that he did not know Plaintiff Sandoval other than the fact that she was in the jail, and that he had never spoken with her.  Ex. B at 70:15-25.  He also contends that he had no knowledge or information of the alleged contact, sexual or otherwise, between Sandoval and Baca.

Plaintiff Sandoval testified that on the night of the assault, Romero directed Baca to take her out of her cell.  She remembers that earlier that evening, she and Plaintiff Vigal (who shared a cell) were escorted from the cell by both Baca and Romero to clean out the sally port:

Q. So you say that you and [Vigal] were out cleaning the sally port.  You were taken out

---

[3] 42 U.S.C. § 1983 states, in part:
Every person who, under color of any statute . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

there by [Baca], correct. . . .?

A.    And whatever the Romero guard – I don't know his name.

Q.    Joseph Romero? So they both escorted you out to the sally port to do some cleaning?

A.    Yes.

Q.    And then you went back to the cell while Eva still stayed in the sally port, cleaning?

A.    Yes.

Q.    Who escorted you back to the cell?

A.    Joseph Romero.

Ex. C (Sandoval Dep.) at 47:13-25. Sandoval is also fairly certain that both Romero and Baca escorted her and Plaintiff Vigal back to the cell, as well, just before Baca returned to take her to the laundry room and sexually assault her. Ex. C at 105:9-17. Sandoval also stated that just before Baca assaulted her, she heard Romero's voice over the intercom telling Baca to "go ahead and take your time. I've got my money." Ex. C at 109:6-13. When asked if she was sure that it was Romero's voice, Sandoval stated that she could not be 100 percent certain, and that it could have been the voice of another detention officer. However, she noted that "[t]he other CO's don't have the authority to the intercom like that. . . ." 109:21-25. Sandoval understood the comments about the money to be related to the situation involving Plaintiff Vigal and male inmate Henry Duran, whereby Duran paid Romero $100 to allow Duran to be alone with Vigal.

This testimony raises material issues of fact. Based on these facts, a reasonable fact finder could infer that Romero not only had knowledge of Baca's alleged sexual assault of Plaintiff, but also that he conspired with Baca in the assault by his comments over the intercom to Baca to "take his time." Such facts are sufficient for Plaintiff to withstand summary judgment for her federal claims.

Defendant also seeks summary judgment on Plaintiff's Fourteenth Amendment substantive due process claims. In the Court's Memorandum Opinion and Order denying summary judgment to Plaintiffs, the Court rejected the use of a Fourteenth Amendment theory of substantive due process, including a danger-creation theory, on which to base her federal claims of Eighth Amendment violations. *See* Doc. 97 at 19-20. Thus, for the reasons given in that Memorandum Opinion and Order, the Court finds that Defendants are not entitled to summary judgment on Plaintiff Sandoval's federal claims, except that claims which are asserted under a Fourteenth Amendment substantive due process as well as the Eighth Amendment must be analyzed under the Eighth Amendment only. *See Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 813 (1994) (Where a particular amendment "provides an explicit textual source of Constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims) (quoting *Graham v. Connor*, 490 U.S. 386, 394- 395 (1989)); *accord, Riddle v. Mondragon*, 83 F.3d 1197 (10th Cir.1996).

## II.   Plaintiff's State Law Claims

In Count IX of the Complaint, Plaintiff alleges assault, battery, false imprisonment and intentional infliction of emotional distress. Defendant contends that Sandoval has no evidence of Romero committing any intentionally tortious conduct against her. Plaintiff maintains that the facts which have been presented regarding Romero's role in the alleged conduct indicate that Romero directly participated in and cause the various torts alleged in the complaint.

A movant in a summary judgment motion may satisfy its burden at that stage by identifying "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir.1998).   To avoid summary

judgment, Plaintiff as the nonmovant must establish, "at a minimum, an inference of the presence of each element essential to the case." *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir.1994).

Defendant's motion conforms to the requirements of Rule 56 in pointing out a lack of evidence on Plaintiff's state law tort claims. Plaintiff's resort to Rule 8(a) at the summary judgment stage is insufficient, since it is her burden at this point to identify evidence relating to the elements of each of her state tort claims alleged against Defendant Romero. Plaintiff has not done so. The fact that Romero escorted Plaintiff to and from the laundry room prior to Baca removing her from her cell, and that Romero's voice came over the intercom telling Baca to "take his time" does not provide the factual support necessarily to withstand summary judgment on the state law claims. Nor does Plaintiff explain how this evidence fits into the elements of either assault, battery, false imprisonment or intentional infliction of emotional distress. Accordingly, Plaintiff Sandoval's state law tort claims asserted against Defendant Romero shall be dismissed.

## Conclusion

In sum, I find and conclude that Defendant Romero's motion for summary judgment is denied as MOOT with regard to Plaintiff Archuleta, on the ground that Archuleta does not oppose dismissal of claims asserted by her against Romero.

I also find and conclude that a reasonable fact finder could infer that Romero not only had knowledge of Baca's alleged sexual assault of Plaintiff Sandoval, but also that he conspired with Baca in the assault by his comments over the intercom to Baca to "take his time" in the assault. Such facts are sufficient for Plaintiff to withstand summary judgment for her federal claims. However, claims asserted by Plaintiff under a Fourteenth Amendment substantive due

process as well as the Eighth Amendment must be analyzed under the Eighth Amendment only.

Finally, I find and conclude that Plaintiff Sandoval's state law tort claims asserted against Defendant Romero shall be dismissed.

**THEREFORE,**

**IT IS ORDERED** that Defendant Romero's Motion for Summary Judgment Regarding Claims of Plaintiffs April Sandoval and Yvonne Archuleta (**Doc. 69**) is hereby DENIED AS MOOT with regard to Plaintiff Archuleta based on Plaintiff Archuleta's concession that her claims against Defendant Romero should be DISMISSED;

**IT IS FURTHER ORDERED** that Defendant Romero's Motion for Summary Judgment Regarding Claims of Plaintiffs April Sandoval and Yvonne Archuleta (**Doc. 69**) is DENIED on Plaintiff's federal claims, with the exception of claims based on a Fourteenth Amendment substantive due process for reasons described in this Memorandum Opinion and Order;

**IT IS FINALLY ORDERED** that Defendant Romero's Motion for Summary Judgment Regarding Claims of Plaintiffs April Sandoval and Yvonne Archuleta (**Doc. 69**) is hereby GRANTED in that Plaintiff Sandoval's state law tort claims in Count IX alleged against Defendant Romero are DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE