IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

APRIL SANDOVAL,
EVANJELINA VIGAL,
and YVONNE ARCHULETA,

      Plaintiffs,

    v.                                                  09cv1028 WJ/ACT

JOSEPH ROMERO, VICTOR BACA,
JOHNNY LUJAN, PATRICK SNEDEKER,
in their individual capacities, and BOARD
OF COUNTY COMMISSIONERS OF
SAN MIGUEL COUNTY, NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRTEENTH
## AND FOURTEENTH AMENDMENT CLAIMS

THIS MATTER comes before the Court upon a Motion to Dismiss Plaintiffs' Thirteenth Amendment and Fourteenth Amendment Equal Protection Claims, filed January 10, 2011 by Defendants Baca, Lujan, Snedeker and Board of County Commissioners of San Miguel County (**Doc. 68**), and also by Defendant Romero through his adoption of the other Defendants' arguments and legal authorities (**Doc. 70**). Having considered the parties' briefs and the applicable law, I find that Defendants' motions are well-taken and shall be granted.

**Background**

Plaintiffs were female inmates at San Miguel County Detention Center ("SMCDC") in San Miguel County, New Mexico. They allege that they were sexual harassed and sexually assaulted by male detention officers while they were incarcerated at SMCDC. Defendants Romero and Baca were employed as detention officers at SMCDC when the alleged incidents

occurred. Defendant Johnny Lujan was employed at SMCDC as a Major and Chief of Security at the facility. Defendant Snedeker was the Warden at SMCDC. Warden Snedeker was advised of the incidents at some point after they occurred, and the Las Vegas Police Department conducted an investigation. Both Mr. Baca and Mr. Romero were terminated from their positions at SMCDC as a result of the alleged incidents.

The complaint alleges violations of Plaintiffs' civil rights under the Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§ 1983, 1985 and 1986, and state law violations under the New Mexico Tort Claims Act, as follows:

Count I: Cruel and Unusual Punishment in Violation of Eighth and Fourteenth Amendments against Defendants Romero and Baca;

Count II: Cruel and Unusual Punishment in Violation of Eighth and Fourteenth Amendments against Defendants Snedeker, Lujan, and San Miguel County;

Count III: Imposition of Condition of Slavery or Involuntary Servitude in Violation of Thirteenth Amendment against Defendants Romero and Baca;

Count IV: Imposition of Condition of Slavery or Involuntary Servitude in Violation of Thirteenth Amendment against Defendants Snedeker, Lujan, and San Miguel County;

Count V: Violation of the Equal Protection Clause of the Fourteenth Amendment against Defendants Romero and Baca;

Count VI: Violation of Equal Protection Clause of the Fourteenth Amendment against Defendants Snedeker, Lujan, and San Miguel County'

Count VII: Conspiracy to Deny Plaintiffs Equal Rights and Subject Plaintiffs to Involuntary Servitude in Violation of 42 U.S.C. § 1985(3) against Defendants Romero and Baca;

Count VIII: Knowing Failure to Prevent the Conspiracy to Deprive Plaintiffs of their Civil Rights in Violation of 42 U.S.C. § 1986 against Defendants Snedeker, Lujan, and San Miguel County;

Count IX: Intentional Tort Claims under State Law against Defendants Romero, Baca, Lujan, and San Miguel County;

Count X: Negligence Claims under State law against Defendants Snedeker, Lujan, and

San Miguel County;

In this motion, Defendants move for dismissal of the Thirteenth Amendment "slavery claims" in Counts III, IV and Count VIII (in part), and the Fourteenth Amendment Equal Protection claims in Counts V, VI and VII (in part).

## Discussion

### I.     Legal Standard

When a plaintiff's complaint fails to state a claim for which there is a plausible entitlement to relief, the Court must dismiss the complaint.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974,167 L. Ed. 2d 929 (2007). While the well-pled factual allegations of a complaint must be accepted as true for purposes of a motion to dismiss, neither conclusory allegations nor legal conclusions disguised as factual allegations need be accepted as such. *See id*. at 1965; *see also Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S. Ct. at 1965.

### II.    Claims Brought Under the Thirteenth Amendment

The Thirteenth Amendment declares that "neither slavery nor involuntary servitude, except as punishment for a crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII. Defendants contend that Plaintiffs' claims have no procedural basis in the Thirteenth Amendment, and the Court agrees.

Plaintiffs profess to be at a loss to understand the grounds for Defendants' motion. I fail to see how it could be any plainer. First, it is undisputed that Plaintiffs were incarcerated and convicted at the time of the alleged incidents. As Defendants note, the amendment, on its face, specifically excludes incarcerated persons from this prohibition against involuntary servitude. *Alexander v. Schenk*, 118 F. Supp. 2d 298, 302 (N.D. N.Y. 2000). That is, no issue of involuntary servitude arises when a person is duly tried, convicted, sentenced and imprisoned for a crime according to law. *Draper v. Rhay*, 315 F.2d 193 (9th Cir. 1963). Second, Plaintiffs' counsel represented individuals in a very similar case not that long ago, in which the exact same legal issue arose. In that case, female inmates alleged sexual assault and rape by a corrections officer at the Camino Nuevo Corrections facility. *See Spurlock v. Townes*, No. 09cv786 WJ/DJS, Doc. 76 at 11-12 (D.N.M. May 26, 2010). Plaintiffs in that case also asserted claims of unlawful sexual slavery under the Thirteenth Amendment, which were dismissed by the Court upon defendants' motion. There has been no change in the law since the time the Court made those rulings, nor have Plaintiffs offered any reason why the Court's analysis should be any different this time around.

In *Spurlock*, this Court noted:

> [M]any courts – including the Tenth Circuit—have broadly stated that the Thirteenth Amendment's restriction on involuntary servitude does not apply to prisoners. *Raurk v. Solano*, 928 F.2d 947, 949-50 (10th Cir. 1991); *Omasta v. Wainwright*, 696 F.2d 1304 (11th Cir. 1983); *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963) ("Where a person is duly tried, convicted, sentenced and imprisoned for crime in accordance with law, no issue of peonage or involuntary servitude arises. The Thirteenth Amendment has no application where a person is held to answer for a violation of a penal statute."). In each of these cases, however, the prisoners were complaining about conditions which were imposed by law as part of their sentences. *See, i.e., Draper*, 315 F.2d at 197 (stating that prison rules which require an inmate to work during his incarceration do not violate the Thirteenth Amendment). Plaintiffs argue that their case is different because the sexual assaults that Defendant Townes committed were in no way a

> lawful condition of their imprisonment.
>
> It is true that Defendant Townes's alleged actions were not a lawful condition of Plaintiffs' imprisonment. However, even assuming that the Thirteenth Amendment applies to prisoners in certain circumstances, not all unlawful acts committed on prisoners constitute violations of the Thirteenth Amendment. Rather, the Thirteenth Amendment only prohibits those forms of compulsory labor which are akin to African slavery. "The primary purpose of the Amendment was to abolish the institution of African slavery as it had existed in the United States at the time of the Civil War, but the Amendment was not limited to that purpose; the phrase 'involuntary servitude' was intended to extend 'to cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results.'" *United States v. Kozminski*, 487 U.S. 931, 942 (1988). Furthermore, the Supreme Court noted that "in every case in which this Court has found a condition of involuntary servitude, the victim had no available choice but to *work* or be subject to legal sanction." *Id.* 943 (emphasis added).
>
> The sexual assaults allegedly committed by Defendant Townes, horrible as they are, do not constitute a violation of the Thirteenth Amendment.

Doc. 76 at 16-18.

Plaintiffs urge the Court to follow the standard under Fed.R.Civ.P.12(b)(6) in accepting the factual allegations in the complaint as true and construe the allegations in the light most favorable to Plaintiffs.  However, they fail to provide any legal authority or rationale as to why those facts – even when viewed in a light favorable to Plaintiffs – would form the basis of a Thirteenth Amendment claim.  Accordingly, Defendants are entitled to the dismissal of  Counts III, IV and Count VIII (in part) on the ground that Plaintiffs have failed to allege a viable claim under the Thirteenth Amendment.

## III.     Claims Brought Under the Fourteenth Amendment Equal Protection Clause

Defendants contend that claims asserted pursuant to the Fourteenth Amendment's Equal Protection clause must be dismissed because they are not proper for the present cause of action. The Court addressed a similar issue in this case with regard to Plaintiffs' claims of sexual assault and rape brought under both the Eighth Amendment and the Fourteenth Amendment substantive

due process claim (under a "danger-creation" theory). In a recent Memorandum Opinion and Order ruling on Plaintiffs' motion for partial summary judgment, the Court dismissed claims which Plaintiffs brought under both an Eighth Amendment and Fourteenth Amendment substantive due process ("danger-creation") theory. The Court rejected the Fourteenth Amendment theory in favor of an Eighth Amendment analysis.  Doc. 97 at 19-20; *see Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 813(1994) (Where a particular amendment "provides an explicit textual source of Constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims");(quoting *Graham v. Connor*, 490 U.S. 386, 394- 395 (1989)); *accord, Riddle v. Mondragon*, 83 F.3d 1197 (10th Cir.1996); *cmp. County of Sacramanto v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 1714 (1998). (affirming dismissal of Fourteenth Amendment substantive due process claim and holding that plaintiff's § 1983 excessive force claims should be analyzed solely under the Fourth Amendment).  As I previously noted, the Tenth Circuit has favored using the Eighth Amendment to analyze claims such as the ones brought by Plaintiffs in this case:

> We conclude that the safety and bodily integrity of convicted prisoners implicates both the Eighth Amendment's prohibition against cruel and unusual punishment and the Fourteenth Amendment's substantive protection against state deprivation of life and liberty without due process of law, and that the legal standards under the two amendments are identical under the facts of this case. Because the Eighth Amendment provides the primary source of protection for prisoners, we will, however, refer to the standard as an Eighth Amendment standard.

*Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1494 (10th Cir. 1990).

The Court comes to the same conclusion regarding Plaintiffs' Equal Protection claims brought under the Fourteenth Amendment.  In *Barney v. Pulsipher*, 143 F.3d 1299 (10th Cir. 1998), the plaintiffs were female inmates who brought § 1983 claims under both Eighth

Amendment and Fourteenth Amendment Equal Protections Clause based on assaults by corrections officers and on other conditions of confinement. The district court granted summary judgment to defendants on the Equal Protection claim, and the Tenth Circuit affirmed, finding that plaintiffs failed to present evidence regarding treatment of male inmates at jail. *Id*. Plaintiffs distinguish *Barney* from the instant case by pointing out that, unlike the plaintiffs in *Barney*, they have provided factual allegations which meet a threshold showing of disparate treatment

> by alleging that female inmates such as Plaintiff Sandoval and Plaintiff Baca [sic] were sold into sexual slavery, while similarly situated male inmates such as Mr. Duran were treated much differently: the male inmates were allowed to pay detention officers (such as Defendant Romero) for sex with female inmates held captive as sex slaves for no legitimate penological purpose.

Resp., Doc. 77 at 8. I disagree with Plaintiffs' characterization of *Barney* as having a more limited set of facts. If anything, the facts in *Barney* were broader. In addition to claims of sexual assault, the plaintiffs in *Barney* alleged facts regarding the conditions of confinement: filthy cells, inadequate lighting and ventilation, lack of enclosures around the shower and toilet, unappetizing food, and no access to recreational facilities. *Id.* at 1311. Further, the Tenth Circuit acknowledged the difficulty of trying to fit sexual assault claims occurring in a prison context into an equal protection framework:

> Claims of sexual harassment and assault of inmates by prison guards are more properly analyzed under the Eighth Amendment . . . . . . The Equal Protection Clause in the prison-conditions context is usually invoked to remedy disparities in educational, vocational, and recreational programs offered to male and female inmates.

143 F.3d at 1312 n.15; *see also Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995) (although plaintiff alleged violations of First, Third, Fourth, Fifth, Ninth, and Fourteenth Amendments, her claim "remains bounded by the Eighth Amendment, the 'explicit textual source of constitutional protection,'" in the prison context) (citing *Graham v. Connor*, 490 U.S.

386, 395 (1989); *Helling v. McKinney*, 509 U.S. 25, ----, 113 S.Ct. 2475, 2480 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). By looking to case law outside the prison setting, Plaintiffs do not offer any alternative to what appears to be precedent in this circuit. Therefore, Plaintiffs' claims brought under the Fourteenth Amendment Equal Protection claims in Counts V, VI and VII (in part) will be dismissed.

## IV.     Counts VII and VIII

Defendants have moved for dismissal of Count VII in part and VIII in part. Based on the Court's rulings in this Memorandum Opinion and Order, it appears that Count VII is dismissed in its entirety, but that Count VIII still remains in part.

Count VIII alleges a failure by Defendants Snedeker, Lujan and San Miguel County to prevent the conspiracy between Defendants Baca and Romero to deprive Plaintiffs of their civil rights. It is described as a "Knowing Failure to Prevent the Conspiracy to Deprive Plaintiffs of Their Civil Rights in Violation of 42 U.S.C. § 1986 Against Defendants Snedeker, Lujan and San Miguel County." Based on the way the claim is worded and the facts asserted therein, Count VIII would include, arguably, a conspiracy based on the Eighth Amendment claims that are asserted in Counts I and II, and thus dismissal of the Thirteenth and Fourteenth Amendment claims appear to leave Count VIII intact.

Count VII is also a conspiracy claim, but it is asserted against Defendants Romero and Baca and is described as: "Conspiracy to Deny Plaintiffs Equal Rights and Subject Plaintiffs to Involuntary Servitude in Violation of 42 U.S.C. § 1985(3)." This Count does not appear to encompass any claims other than Thirteenth and Fourteenth Amendment Equal Protection claims. With the dismissal of both theories, the Court questions whether the dismissal of the

Thirteenth and Fourteenth Amendment claims in Count VII eliminates that count in its entirety. This question should be considered by counsel in preparing the pretrial order.  *See* Doc. 95 (extending deadline for pretrial order to March 9, 2011).

## Conclusion

In sum, I find and conclude that Plaintiffs' claims in Counts III, IV and VIII (in part) shall be DISMISSED on the ground that Plaintiffs have failed to allege a viable claim under the Thirteenth Amendment.

I further find and conclude that Plaintiffs' claims brought under the Equal Protection Clause in Counts V, VI and VII (in part) are also DISMISSED because these claims have no legal basis in the prison context based on the facts alleged by Plaintiffs.

**THEREFORE,**

**IT IS ORDERED** that the Motion to Dismiss Plaintiffs' Thirteenth Amendment and Fourteenth Amendment Equal Protection Claims filed by Defendants Baca, Lujan, Snedeker and Board of County Commissioners of San Miguel County **(Doc. 68)**, and also by Defendant Romero by virtue of adopting the other Defendants' arguments and legal authorities **(Doc. 70)** are hereby GRANTED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE